UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RENE MARTINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:20-CV-285 JD |

## OPINION AND ORDER

After this action was remanded to the Commissioner by the Court of Appeals for the Seventh Circuit, Plaintiff moved for award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $47,030, plus $1,086.11 in expenses. (DE 38.) The Commissioner objected to the amount of this proposed award. Plaintiff also seeks a supplemental EAJA fee of $3,993 for the time his attorneys spent responding to the Commissioner's objection (DE 45, 45-1). For the reasons below, the Court will grant in part the award proposed by Plaintiff and will grant the supplemental request.

### A. EAJA Standard for Awarding Attorney's Fees

The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). Parties seeking an award of fees for successful actions against the government are entitled to recover attorney's fees if: (1) they were prevailing parties; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court

(that is, within thirty days after the judgment is final and not appealable). 28 U.S.C. § 2412(d)(1)(A), (B) and (d)(2)(G); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

"A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA." *Rodriguez v. Colvin*, 2013 U.S. Dist. LEXIS 99730, *12 (E.D. Wis. July 16, 2013) (citing 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A court must exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . . . Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority." *Id*. (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original)). In determining the amount of the EAJA award, reasonable discretion is afforded to the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

As Plaintiff makes two distinct EAJA award claims, the Court will analyze each individually.

**B. Plaintiff's Initial Request for Attorney's Fees under EAJA**

After being denied his application for supplemental income under Title XVI of the Social Security Act, 423 U.S.C. § 1381 et seq., Plaintiff sought judicial review of the Commissioner's final decision in this Court. Attorney Ann Trzynka, who represented Plaintiff before the agency, continued her representation before the District Court. Judge Robert Miller affirmed the

Commissioner's decision, and Plaintiff appealed to the Court of Appeals for the Seventh Circuit. To assist with the appeal, Ms. Trzynka employed another attorney, Jennifer Fisher. The Court of Appeals reversed the Court's judgment and remanded the case for further agency consideration.

Following the remand, Plaintiff moved for an award of attorney's fees under the EAJA. According to the motion, Ms. Trzynka spent about 53 hours on the case before the District Court and almost 23 hours on the appeal;[1] Ms. Fisher spent 120 hours on the appeal. Plaintiff requests the award of the attorney's fees of $18,091.70 and $28,938.30, respectively, for a total of $47,030.

The Commissioner has objected to the motion. The Commissioner does not challenge Plaintiff's status as a prevailing party entitled to EAJA fees and does not object to the proposed hourly rate. Nor does the Commissioner question the veracity of the hours log as provided by Plaintiff's counsel in their affidavits. Rather, the Commissioner argues that the proposed award should be reduced from just over 200 hours to about 100 hours of attorney work, which the Commissioner believes would be within the range of reasonable hours spent on a case such as this one. The Commissioner argues such a reduction is necessary because this case presented no novel or complex legal issues and "Ms. Trzynka's decision to employ a second attorney to handle some portions of the circuit appeal was a matter of discretion and convenience, not necessity, and resulted in significant and unnecessary duplication." (Def.'s Br., DE 40 at 2.) The Commissioner submits that Ms. Trzynka was in the best position to know Plaintiff's case as she represented him before the agency and the District Court, so the public should not have to pay for Ms. Fisher's time to learn the case anew.

---

[1] After the Court of Appeals issued its opinion, Ms. Trzynka spent 1 hour reviewing it. Subsequently, she spent 6 hours preparing the motion under EAJA. The Commissioner is not challenging these time expenditures.

3

In her reply, Plaintiff argues that the Commissioner does not get to decide Plaintiff's litigation strategy, such as how many attorneys should work on a case, and that Plaintiff should not be penalized for his attorneys' due diligence in carrying out the appeal. Plaintiff insists that his attorneys followed the Practitioner's Handbook issued by the Court of Appeals which notes the importance of being familiar with the record and that "[i]t does not necessarily follow that counsel who tried the case below is best equipped to handle the appeal." (Pl.'s Br., DE 44 at 3 (quoting Practitioner's Handbook for Appeals to the United States court of Appeals for the Seventh Circuit (2020 ed.)).) Finally, Plaintiff notes that the Commissioner objects generally without explaining which particular hours were spent unreasonably in seeking the review of the Commissioner's decision.

The Court finds that Plaintiff has largely met his burden to show that his attorneys expended a reasonable number of hours on his case. The Commissioner's objection is centered on the hours spent on appeal by the two attorneys. In fact, the Commissioner cites several cases where the courts found 40 to 60 hours to be a reasonable time expended on a social security appeal in the district court. (*See* Def.'s Br., DE 40 at 8 (citing cases).) Given that Ms. Trzynka spent about 53 hours prosecuting the case in this Court, her time is well within the range of other awards which have been granted by judges in this District. *See, e.g.*, *Prilaman*, 2022 WL 4354761. at *3 (awarding 75 hours of attorney time in fees); *see also Trewyn v. Saul*, 2020 WL 7258686, at *2 (N.D. Ind. Dec. 10, 2020) (awarding 98 hours of attorney time); *Barr v. Saul*, 2020 WL 5542793, *6 (N.D. Ind. Sept. 15, 2020) (awarding 80.85 hours). The Court can thus move on to the rest of the roughly 150 hours in question.

On appeal to the Seventh Circuit, Ms. Fisher spent 120 hours and Ms. Trzynka almost 23 hours. Without specifying the tasks, Plaintiff concedes that 3 hours (at the rate of $242) spent by

Ms. Trzynka are duplicative of Ms. Fisher's time. (Pl.'s Mot., DE 37 n1.) As such the parties' disagreement is over 140 hours spent on the appeal, which the Court will break down item by item. Ms. Fisher spent 11 hours preparing for the oral argument (4 hours of moot court and 7 hours of other preparation). (DE 37-2, 5/11–5/18/23 Entries.) Ms. Trzynka collaborated with Ms. Fisher in preparing for the oral argument, spending 3 hours.² (DE 37, 5/12 & 5/18/2023 Entries.) The Commissioner has not specifically challenged these times, and they appear reasonable to the Court. However, Ms. Trzynka has also submitted 3 hours for oral argument (DE 37, 5/19/2023 Entry), although only Ms. Fisher argued the case. Given the nature of the oral arguments at the Court of Appeals, where generally only one attorney argues the case, Ms. Trzynka's submission of her hours at the Court of Appeals is duplicative. Accordingly, the Court will subtract 3 hours at the rate of $242 from the total award. This leaves 123 hours for the Court's consideration (140 – 11 – 3 – 3 = 123) which were expended on pre-appeal discussions, filing the appeal, and briefing the issues.

After losing in the District Court, Ms. Trzynka spent 2 hours researching and considering the option of appealing the judgment. (DE 37-1, 3/17/22 Entry.) That's reasonable. She then spent 1 hour in discussions with Ms. Fisher (*id.*, 3/18 – 4/8/2023 Entries), which corresponds with Ms. Fisher's own notation of spending 1 hour in talks with Ms. Trzynka. These time expenditures are also reasonable. From there, Ms. Trzynka spent about 7 hours researching and executing procedural matters in relation to filing the appeal as well as discussing the case with Plaintiff for part of that time. These time expenditures likewise are reasonable.

---

² For simplicity, the Court rounds the number of hours under consideration.

The rest of the time is attributable to briefing the issues on appeal.[3] Ms. Fisher spent about 75 hours researching and drafting the opening brief. She also spent 26 hours drafting a reply brief. Ms. Trzynka contributed some 6 hours reviewing and editing the drafts, for a total of 107 hours.[4] The Commissioner argues that Ms. Fisher had to acquaint herself with the record while Ms. Trzynka was already familiar with all that had taken place beforehand. The Commissioner insists that counsel would not bill such excessive hours to their client, so they should not be allowed to bill these hours to the public fisc. The Commissioner thus argues that the Court should reduce the attorney's fees consistent with these purported inefficiencies but does not identify any particular entries of time that he claims were excessive or unreasonable.

In support of its position, the Commissioner cites *Mahara v. Saul*, No. 1:19-CV-187 RLM, 2020 WL 6129209, at *2 (N.D. Ind. Oct. 19, 2020); *Mann v. Colvin*, No. 2:14-CV-265-RLM, 2015 WL 8780558, at *1 (N.D. Ind. Dec. 15, 2015); and *Caban v. Colvin*, No. 1:13-CV-67 RLM, 2015 WL 7459996, at *1 (N.D. Ind. Nov. 24, 2015). But these cases substantially differ from this case to be of any help to the Commissioner as none of them involved an appeal to the Seventh Circuit. In *Mahara*, the plaintiff sought the review of the Commissioner's decision for the second time. The plaintiff's counsel employed another attorney to file the reply brief "because she was busy with other matters and [the second attorney] was familiar with the case, having represented the plaintiff in her first appeal." *Mahara*, 2020 WL 6129209, at *2. The court found that

---

[3] The Court is aware that the total number of hours may not add up perfectly in this order. It's not the Court's intention to do an audit of Plaintiff's hourly submissions. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]he determination of fees 'should not result in a second major litigation.' The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.").

[4] The parties' briefs were 57, 44, and 26 pages in length.

> [t]he decision to employ a second attorney to draft the reply was a matter of discretion and convenience, not necessity, and [the second attorney's] role in the litigation was minimal and unnecessarily duplicative. It required an unreasonable expenditure of time on [the second attorney's] part to refamiliarize himself with the case and review the record and prior filings. The issues presented were neither complex, nor difficult, and were, in many respects, identical to those raised in the first appeal, but [the second attorney] spent more than 32 hours drafting a reply— well in excess of what would have been required had [the original attorney] requested an extension of time and drafted the reply herself.

*Id.* But filing the appellate briefs, as here, is quite different from filing a reply in support of the opening brief before the district court. The appellate briefs do not only challenge the Commissioner's position but must be structured to account for the district court's adverse ruling. An appellate brief may require a new plan of attack or a new set of eyes to determine the best strategy for success. Therefore, employing a new attorney may improve the chances of success on appeal, but an argument that the new attorney will need to familiarize herself with the record while the existing attorney already knows it would always cut against the hiring of separate appellate counsel. So long as Plaintiff can show, as he has done here, that the employment of the appellate counsel created a substantial benefit for his case, a review of the record by the new attorney can be considered a justifiable expense. In short, the employment of Ms. Fisher is not equivalent to employing a second attorney to draft a reply brief before a district court when the original attorney is busy.

In *Mann*, 2015 WL 8780558, the plaintiff sought compensation for 10 hours of work by second counsel, but the court found that the other counsel's role in the litigation was minimal and duplicative. *Id.* at *2. The second counsel only held phone conferences with the original counsel and reviewed briefs and did not do any drafting. The court therefore determined that "[w]hile these discussions may have been helpful . . . , they [were] not a necessary expense." *Id.* But here, Ms. Fisher's role was not superficial but substantial for the success of the appeal, a

7

completely different adjudication from that conducted in the district court. *Mann* therefore does not control here.

Finally, in *Caban*, the procedural history was extensive, but well-documented, and the issues presented were neither complex, nor difficult. The court therefore found that "[t]he decision to employ two attorneys was a matter of discretion, not necessity, and [the second attorney's] role in the litigation . . . was minimal and unnecessarily duplicative." But, while *Caban* resembles *Mahara* and *Mann*, it does not contradict Plaintiff's claim that Ms. Trzynka's and Ms. Fisher's hours spent before the Court of Appeals were reasonably expended. *See Trewyn v. Saul*, No. 1:19-CV-218-HAB, 2020 WL 7258686, at *3 (N.D. Ind. Dec. 10, 2020) (just because an appeal may have covered some familiar territory, "that does not mean that the repeated and more common arguments did not require a close analysis of the record and a detailed presentation to the court").

Although the Court is unpersuaded by the Commissioner's argument that Plaintiff's attorneys' hours expended on appeal should be cut by more than 70%, it does recognize that Plaintiff's counsel expended some time which they would have been unlikely to bill to their client. In *Hensley v. Eckerhart*, 461, U.S. 424, 437 (1983), the United States Supreme Court recognized twelve factors for assessing the reasonableness of the attorney's fees:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3.

Some of these factors are inapplicable here, such as "time limitation imposed by the client or the circumstances," or "the nature and length of the professional relationship with the client." But some factors favor Plaintiff. For example, Plaintiff's attorneys obtained an excellent result, winning his case before the Court of Appeals on the issue of whether the ALJ erred by relying on another person's medical records. Plaintiff has also shown that his case was "undesirable." Representing claimants in Social Security disability litigation carries a significant risk of nonpayment, especially when the case must be litigated up to the circuit court. EAJA fees are available only if a claimant prevails and the Commissioner's position was not "substantially justified," but victories at the circuit court are intermittent at best. (*See* Pl.'s Ex. 1, DE 44-1 (documenting that between 2021 and 2022, only 16% of cases brought to the Court of Appeals were remanded and only 1 case was reversed)). What made this case even more risky to the attorneys is that Plaintiff was seeking supplemental security income only, which likely means that, even if he's awarded benefits on remand, his past-due benefit amount is unlikely to cover all the hours expended on his case. Finally, Plaintiff was represented by two qualified attorneys, who are very familiar with litigation against the Commissioner.

Even so, some of the *Hensley* factors, and especially those dealing directly with the reasonableness of the number of hours expended on appeal, favor the Commissioner's argument. Consider for example "the novelty and difficulty of the questions." The administrative transcript was short, containing 490 pages, only 150 of which were medical records. The time period in question was only 20 months. What's more, throughout his appeals—beginning before the Appeals Council—Plaintiff maintained the same arguments: the ALJ erred in how she evaluated Plaintiff's symptoms and the opinion evidence, as well as in considering evidence related to another person. While the latter issue was unusual, it was not complex, and the first two issues

9

are rather routine in social security cases. Of course, this does not mean that the attorneys could copy and paste their briefs from earlier cases—no doubt each case has unique characteristics—but the attorneys were not required to learn new areas of law either. In short, given the parameters of this case, spending 107 hours to draft the briefs was an excessive use of time.

In light of this, the Court will subtract from Ms. Fisher's time 2 hours from the 5 hours submitted for "continued drafting of procedural history and factual background" on Sept 10, 2022, and 7 hours from the roughly 23 hours spent on September 12–14, 2022, to discuss the ALJ's symptoms evaluation.[5] This adjustment is needed because the procedural history and factual background in the appellate brief were largely the same as stated before the District Court, as was the argument about the symptoms evaluation. The Court will also subtract from Ms. Trzynka's time 2 hours (at the rate of $238) spent to "review and edit Appellant's brief to comply with word count" and brief formatting on October 16, 2022. These tasks appear to have also been done by Ms. Fisher on October 14, 2022, and are duplicative. The Court will also subtract 1 hour at the rate of $238 submitted by Ms. Trzynka which she spent reviewing a brief deficiency notice and correcting a filing error. (*See* DE 37-1 10/18/2022 Entry.) The Commissioner should not have to pay for Ms. Trzynka's filing error.[6]

---

[5] Ms. Fisher billed these 9 hours at the rate of $238 an hour. (*See* Hourly Rate Table, DE 37-2 at 3.)

[6] In countering the Commissioner, Plaintiff does well to identify some weaknesses of his argument but ultimately it is Plaintiff's burden of proving the reasonableness of hours worked. But while Plaintiff has pointed out several cases where the awards for appellate work were higher or in the ballpark of what Plaintiff is asking (*see* Pl. Rep., DE 44 at 6–7 (citing *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *8 (N.D. Ill. Feb. 16, 2012) (awarding a total of 211 hours; 151.4 circuit and 59.6 district); *Villano v. Astrue*, No. 07 CV 187, 2009 WL 1803131, at *4 (N.D. Ind. June 23, 2009) (awarding a total of 180 hours; 126.8 circuit and 53.2 district); *Getch v. Astrue*, No. 06 CV 143, 2009 WL 89667, at *5 (N.D. Ind. Jan. 12, 2009) (awarding a total of 169.2 hours; 96.1 circuit and 80.2 district); *Sammie R. v. Berryhill*, No. 16 CV 6358 (N.D. Ill. Mar 06, 2019) (awarding a total of 143.6; 102 circuit and 41.6 district)), he has not compared the particulars of those cases to his own, and Plaintiff should not expect the Court to do his work for him.

Having reviewed Plaintiff's reply brief, the Court finds that Ms. Fisher's time expenditure was reasonable. While she spent 26 hours on this task, her arguments were specifically tailored to the Commissioner's response and weren't a mere repetition of her opening brief. That said, the Court will subtract a total of 2 hours (at the rate of $238) from Ms. Trzynka, which she spent on administrative tasks on February 2, 2023; calendaring on April 3, 2023, May 18, 2022, and May 26, 2022; and preparing instructions to the printer on October 10, 2022. *See Trump v. Colvin*, 2015 U.S. Dist. LEXIS 25269, *13 (N.D. Ill. March 2, 2015) ("In determining the number of hours reasonably expended by counsel in litigation, a court 'should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance.'" (quoting *Spegon v. Cath. Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)); *see also Davenport v. Astrue*, 2008 U.S. Dist. LEXIS 51356, 2008 WL 2691115, at 8 (N.D. Ill. July 3, 2008) (deducting time spent reviewing court orders determining when the Commissioner's answer was due and setting briefing schedules)).

In summary, the Court will allow 123 hours as reasonably expended before the Court of Appeals (12 hours by Ms. Trzynka and 111 hours by Ms. Fisher).

### C. Plaintiff's Supplemental Request for Attorney's Fees under EAJA

Plaintiff's proposed supplemental award reflects fees of $3,993 for almost 17 hours expended on replying to the Commissioner's objection to Plaintiff's motion under the EAJA (3.4 hours by Ms. Trzynka and 13.1 hours by Ms. Fisher). (Pl.'s Suppl. Mot., DE 45 at 1.) Although the Commissioner expected that Plaintiff would be filing a supplemental motion and prospectively requested that the Court deny it (*see* Def.'s Resp., DE 40 at 10), he provided no

argument in support of his objection. What's more, when Plaintiff did file such a motion, the Commissioner failed to respond. The Commissioner thus waived his objection to Plaintiff's supplemental request for attorney's fees, *see Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004) ("An undeveloped argument constitutes waiver. A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point."), and the Court finds no independent reason for denying the motion. To the contrary, Plaintiff's reply brief is well-taken, and the requested compensation is reasonable.

### D. Plaintiff's Request for Expenses under EAJA

Along with attorney's fees, Plaintiff seeks to recover the cost of expenses in the total amount of $1,086.11. (*See* DE 37-1 at 6 & 37-2 at 3.) Of that amount $730.74 was spent on the attorney's travel to Chicago and lodging in relation to the oral argument at the Court of Appeals. The Commissioner objects to paying for travel and lodging expenses, but Plaintiff only brushes aside the objection. Plaintiff has presented no argument or authority for his request that the Commissioner pay his costs for attorneys' travel and lodging, so the Court will deny this request. *See Precision Concrete v. N.L.R.B.*, 362 F.3d 847, 854 (D.C. Cir. 2004) (among other things, expenses for travel are not reimbursable under the EAJA); *Moreno v. Napolitano*, No. 11 C 5452, 2018 WL 11655208, at *10 (N.D. Ill. Sept. 26, 2018) (questioning whether expenses such as airfare are recoverable "costs" under the EAJA). Accordingly, the Court will award only $355.37 in expenses which are unrelated to travel.

### E. Conclusion

For these reasons, the Court **GRANTS IN PART** Plaintiff's motion for award of attorney's fees (DE 37) and **AWARDS** Plaintiff an EAJA award of **$46,238 for attorney's fees** and **$355.37 in expenses**. If the plaintiff owes no pre-existing debt to the government subject to offset, the award should be made payable directly to Plaintiff's counsel under the EAJA assignment executed by Plaintiff.

The award is payable as follows:

- $16,271.50 for attorney's fees and $355.37 for expenses to the Law Office of Ann Trzynka, LLC; and

- $29,966.50 for attorney's fees to attorney Jennifer Fisher, Esq.

SO ORDERED.

ENTERED: August 1, 2024

                /s/ JON E. DEGUILIO
                Judge
                United States District Court